ORDER
GRITT, JUDGE:
An application of the claimant, Monica Hope Day, for an award under the West Virginia Crime Victims Compensation Act, was filed October 24,2002. The report of the Claim Investigator, filed April 17, 2003, recommended that an award of $294.00 be granted, to which the claimant filed a response in disagreement. Awards totaling $1,273.97 have been granted for payment of the unreimbursed medical and related expense incurred on behalf of the claimant’s daughter, a minor who was the victim of criminally injurious conduct. The claimant requested a hearing on the issue of her own lost wages. This matter came on for hearing June 10, 2005, the claimant appearing in person, and the State of West Virginia by counsel, Ronald Brown, Assistant Attorney General.
On July 20, 2002, the 14-year-old daughter of the claimant was the victim of criminally injurious conduct in Charles Town, Jefferson County. The alleged offender, Donald Huffman, exposed himself to the claimant’s daughter. As a result of the incident, the claimant’s daughter received counseling. The claimant was unable *181 to return to her job as she worked with the alleged offender. Ms. Day stated that her employer was unwilling to move either the alleged offender or her to a different area. The claimant’s medical and psychological problems, which were related to the incident involved herein, and her work enviromnent prevented her from returning to work.
This Court’s initial award was based on the fact that the claimant’s minor child was the victim of criminally injurious conduct. W.Va. Code §14-2A-3(g) states: “ ‘Work loss’ means loss of income from work that the injured person would have performed if he or she had not been injured and expenses reasonably incurred or to be incurred by him or her to obtain services in lieu of those he or she would have performed for income, reduced by any income from substitute work actually performed or to be performed by him or her, or by income he or she would have earned in available appropriate substitute work that he or she was capable of performing but unreasonably failed to undertake.”
The Claim Investigator’s original finding was that the claimant’s daughter was an innocent victim of a crime. The claimant then filed a response requesting work loss. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she had suffered work loss because of the incident giving rise to the claim. The claimant testified that she attempted to have herself or the alleged offended moved by her employer to a different division of the office, but that the employer refused. Ms. Day further stated that she filed a grievance with the U.S. Equal Employment Opportunity Commission which was not resolved. In the light of the evidence put forth by the claimant, the Court is of the opinion that the claimant has met her burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant could not return to work due to the incident involved herein. The Court is mindful that W. Va. Code § 14-2A-3(g) defines work loss as that which arises from “income from work that the injured person would have performed if he or she had not been injured....” However, due to the extenuating circumstances surrounding this incident involving the claimant’s 14-year-old daughter, the claimant established that her work loss was related to the criminally injurious conduct.
The Court is constrained by the evidence to find that the claimant did suffer work loss as a result of this incident. Following the hearing, the Court received documentation of the claimant’s work loss, which exceeded $26,000.00. As the statutory maximum in personal injury awards is $25,000.00, and as awards of $1,273.97 have been granted to date, an award in the remaining sum of $23,726.03 is hereby granted pursuant to the Claim Investigator’s memorandum of July 6,2005, and as set out below.
Monica Hope Day
RO. Box 96
Shenandoah Junction WV 25442
$23,726.03